UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| PANHANDLE EASTERN PIPE LINE CO., LP, a Delaware Limited Partnership,<br><br>Plaintiff,<br><br>v.<br><br>JOCELYN GRAY; SOUTHWESTERN BELL TELEPHONE COMPANY; TRANSWESTERN PIPELINE COMPANY; JOHN BRIGGS; LAREDO PETROLEUM, INC.; ANA-TOK EXPLORATION CO.; EAGLE EXPLORATION CO.; NORTH PLAINS ELECTRIC COOPERATIVE, INC.; CADDIS RESOURCES, LLC; 1.0 ACRES OF REAL ESTATE IN HANSFORD COUNTY, TEXAS; and UNKNOWN OWNERS,<br><br>Defendants. | CASE NO. 2:20-CV-221<br><br>**EQUITABLE RELIEF IS SOUGHT** |

## COMPLAINT

Comes now Plaintiff, Panhandle Eastern Pipe Line Company, LP ("Panhandle"), by counsel, and for its Complaint against Defendants Jocelyn Gray ("Owner"); Southwestern Bell Telephone Company; Transwestern Pipeline Company; John Briggs; Laredo Petroleum, Inc.; Ana-Tok Exploration Co.; Eagle Exploration Co.; North Plains Electric Cooperative, Inc.; Caddis Resources, LLC; 1.0 Acres of Real Estate in Hansford County; and Unknown Owners (collectively, "Defendants"); state:

### I. PARTIES AND REAL ESTATE AT ISSUE

1. Panhandle is a limited partnership organized and existing under the laws of the state of Delaware, having its principal place of business at 8111 Westchester Drive, Dallas, TX 75225.

2. Panhandle is successor to Panhandle Eastern Pipe Line Company, a Delaware corporation.

3. Upon information and belief, Defendant Jocelyn Gray is a resident of Bellevue, Nebraska ("Owner").

4. Owner is named as a defendant in this lawsuit because she is the only record fee simple owner of the following tract of land situated in Hansford County, Texas, which is the subject of this lawsuit:

> A tract of land located in the Southwest Quarter (SW1/4) of Section 16, Block 5T, T&NO, and more particularly described as follows: Beginning at a point 1,513 feet North and 61 feet East of the Southwest Corner of the Southwest Quarter (SW1/4) of said section 16, said point being on the east right-of-way line of Highway 278; thence North along the said right-of-way for a distance of 350 feet; thence East a distance of 125 feet; thence South a distance of 350 feet; thence West a distance of 125 feet to the Point of Beginning, containing 1.00 acre, more or less (the "Property").

The Property is entirely located within parcel #134860900016901.

5. Upon information and belief, Southwestern Bell Telephone Company is or was a Delaware corporation. Southwestern Bell Telephone Company is named as a defendant in this lawsuit because it has or may claim an interest in the Property pursuant to (a) that certain Easement to Southwestern Bell Telephone Company recorded on or about May 11, 1927 at Vol. 31, pages 519-520, Deed Record of Hansford County, Texas; and/or (b) that certain Permanent Easement to Southwestern Bell Telephone Company recorded on or about July 20, 1951 at Vol. 20, pages 193-194, Lease and Contract Records of Hansford County, Texas. Panhandle is not seeking to acquire any interests granted by these instruments.

6. Upon information and belief, Transwestern Pipeline Company is a Delaware corporation. Transwestern Pipeline Company is named as a defendant in this lawsuit because it has or may claim an interest in the Property pursuant to (a) that certain Easement to Transwestern

Pipeline Company recorded on or about November 12, 1959 at Clerk's File #5632; and/or (b) that certain Agreement recorded on or about October 7, 1970 at Clerk's File #3268. Panhandle is not seeking to acquire any interests granted by these instruments.

7. Upon information and belief, John Briggs is or was a resident of Oklahoma or Texas. John Briggs is named as a defendant in this lawsuit because he has or may claim an interest in the Property pursuant to that certain Oil and Gas Lease to John Briggs recorded on or about December 29, 1970 at Clerk's File #3509. Panhandle is not seeking to acquire any interests granted by this instrument.

8. Upon information and belief, Laredo Petroleum, Inc. is or was a Delaware corporation. Laredo Petroleum, Inc. is named as a defendant in this lawsuit because it has or may claim an interest in the Property pursuant to that certain Oil and Gas Lease to Laredo Petroleum, Inc. recorded on or about June 12, 2008 at Clerk's File #73189. Panhandle is not seeking to acquire any interests granted by this instrument.

9. Upon information and belief, Ana-Tok Exploration Co. is an unregistered partnership. Ana-Tok Exploration Co. is named as a defendant in this lawsuit because it has or may claim an interest in the Property pursuant to (a) that certain Oil, Gas and Mineral Lease to Ana-Tok Exploration Co. recorded on or about May 9, 1978 at Clerk's File #16237; and/or (b) that certain Oil, Gas and Mineral Lease to Ana-Tok Exploration Co. recorded on or about May 9, 1978 at Clerk's File #16238. Panhandle is not seeking to acquire any interests granted by these instruments.

10. Upon information and belief, Eagle Exploration Co. is or was a Texas corporation. Eagle Exploration Co. is named as a defendant in this lawsuit because it has or may claim an interest in the Property pursuant to that certain Oil, Gas and Mineral Lease to Eagle Exploration

Co. recorded on or about January 20, 1983 at Clerk's File #25708. Panhandle is not seeking to acquire any interests granted by this instrument.

11.     Upon information and belief, North Plains Electric Cooperative, Inc. is a Texas corporation. North Plains Electric Cooperative, Inc. is named as a defendant in this lawsuit because it has or may claim an interest in the Property pursuant to that certain Electric Utility Easement and Covenant of Access to North Plains Electric Cooperative, Inc. recorded on or about September 9, 1983 at Clerk's File #32967. Panhandle is not seeking to acquire any interests granted by this instrument.

12.     Upon information and belief, Caddis Resources, LLC is or was a Texas limited liability company. Caddis Resources, LLC is named as a defendant in this lawsuit because it has or may claim an interest in the Property pursuant to that certain Memorandum of Oil, Gas and Hydrocarbon Lease to Caddis Resources, LLC recorded on or about May 8, 2017 at Clerk's File #87321. Panhandle is not seeking to acquire any interests granted by this instrument.

13.     Defendants are all persons who have or claim an interest in the Property and whose names have become known or can be found by a reasonably diligent search of the records, considering both the Property's character and value of the interests to be acquired.  Fed. R. Civ. Proc. 71.1(c)(3).

## II.     FEDERAL JURISDICTION AND VENUE

14.     This Court has subject matter jurisdiction over this condemnation action pursuant to 15 U.S.C. § 717f(h) and 28 U.S.C. § 1331 (federal question jurisdiction).

15.     15 U.S.C. § 717f(h) vests Panhandle, as the holder of a certificate of public convenience and necessity (*see infra*, Exhibit 1 hereto), with the power to acquire "the necessary land or other property, in addition to right-of-way, for the location of compressor stations, pressure

apparatus, or other stations or equipment necessary to the proper operation of such pipe line or pipe lines … by the exercise of the right of eminent domain in the district court of the United States for the district in which such property may be located ….." 15 U.S.C. § 717f(h).

16. Owner claims an amount in excess of $3,000 for the easement interest in the Property which Panhandle seeks to acquire by this Complaint. *See* 15 U.S.C. § 717f(h). The last amount Panhandle offered Owner (and which Owner did not accept) for the easement interest in the Property which Panhandle seeks to acquire by this Complaint exceeded $3,000.00.

17. Venue is proper in this District because the Property is located in Hansford County, Texas, which is located within the Northern District of Texas, Amarillo Division. *See* 28 U.S.C. § 1391(a)(b)(2).

### III. PANHANDLE'S RIGHT OF EMINENT DOMAIN

18. Panhandle is a natural gas company as defined in the Natural Gas Act of 1938, as amended, Title XV, U.S.C. § 717, *et seq* ("NGA"). Panhandle is subject to the jurisdiction and regulation of the Federal Energy Regulatory Commission ("FERC") under the NGA, and the U.S. Department of Transportation under the Pipeline Safety Act, 49 U.S.C.A. 60101 *et seq*.

19. Panhandle holds certificates of public convenience and necessity issued by FERC and/or its predecessor, the Federal Power Commission ("FPC"), and operates natural gas transportation lines throughout the United States generally commencing in Texas and traversing in a northeasterly direction through Oklahoma, Kansas, Missouri, Illinois, Indiana, Ohio, and Michigan. Panhandle also operates lateral lines and measurement and regulation stations throughout its system for the delivery of the natural gas it transports in interstate commerce to its customers.

20. For several decades, Panhandle has owned, operated and maintained a measurement and regulation station (the "M&R Station") on the Property.

21. Panhandle owns, operates and maintains the M&R Station on the Property pursuant to a certificate of public convenience and necessity issued by the FPC on May 20, 1968 ("Certificate"). The Certificate directed Panhandle's predecessor, Panhandle Eastern Pipe Line Company (a Delaware corporation), to install facilities for the receipt of natural gas from Transwestern Pipeline Company ("Transwestern").

22. A true and accurate copy of the Certificate is attached hereto and incorporated herein as **Exhibit 1**.

23. Most recently, Panhandle has operated and maintained the M&R Station on the Property pursuant to a Lease dated April 15, 2008 and recorded May 8, 2008 as Instrument No. 72908 in the Office of the Recorder of Hansford County, Texas ("Lease"). The Lease has expired by its terms.

24. Panhandle presently uses the M&R Station for the receipt of natural gas from Transwestern and/or its successor(s) and assigns.

25. The M&R Station is a necessary and integral part of Panhandle's ability to receive natural gas from Transwestern and/or its successor(s) and assigns.

26. As the holder of the Certificate, Panhandle seeks to acquire a perpetual easement for the exclusive[1] use and occupancy of the Property for the purpose of its continued operation and maintenance of the M&R Station and related facilities on the Property into the future, on the following terms set forth in the "Easement" instrument attached hereto and incorporated herein as

---

[1] Exclusive except with respect to existing rights with respect to the Property (if any) granted by the various instruments identified in paragraphs 5 through 12 above. Panhandle is not seeking to acquire any interests granted by those instruments.

**Exhibit 2**:

    a.    "Grantor" shall refer to Jocelyn Gray and her beneficiaries, successors and assigns. "Grantee" shall refer to Panhandle, its successors and assigns.

    b.    The "Easement Area" shall refer to the Property.

    c.    Grantee, and its contractors, agents, representatives, licensees, or invitees shall have the right to construct, install, repair, operate, maintain, upgrade, change size of, replace thereon, and remove therefrom such facilities including, but not limited to, all valves, meters, regulators, pipes, heaters, launchers, receivers, communication facilities, fences, and all other appurtenances, utilities, and structures to house the same as its operations from time to time may require, together with the full right of ingress and egress, to and from the Easement Area, for the purposes granted herein. Grantee, its contractors, agents, representatives, licensees, or invitees shall have the right to install, construct, and maintain all drives and utilities, including, but not limited to, electrical lines, to and from the Easement Area through the Property. Grantee, its contractors, agents, representatives, licensees, or invitees may use, as reasonably necessary in Grantee's assessment, additional temporary construction space outside, but parallel with and/or adjacent to, the Easement Area.

    d.    All rights conferred hereunder are granted in perpetuity and shall run with the land. The Parties agree this Easement will terminate only upon the complete abandonment of the measurement and regulation station in accordance with all applicable state and federal laws, rules and regulations, including but not limited to the Natural Gas Act of 1938, as amended, and the regulations promulgated by the Federal Energy Regulatory Commission or its successor. In the event Grantee abandons said Easement

Area, Grantee will be fully released from and relieved of all liability and responsibility on account hereof. Cessation of gas transmission on a short or long term basis will not constitute or necessitate abandonment of any facilities or this Easement.

  e. Grantor shall not construct any buildings, structures, fences, impound water, change grade of cover, install rock or pavement, plant or permit trees or shrubs, or place any other natural or artificial obstruction upon or adjacent to the Easement Area. Grantee shall have the right, without liability for damages, to clear the Easement Area by removing said obstructions.

  f. Except as otherwise provided herein, it is not the intention of Grantee to amend, release, surrender or relinquish any other easement, right-of-way grant or agreement of Grantee on the Property or Easement Area. Grantor shall remain responsible to pay all real property taxes and assessments relating to the Property and Easement Area.

  g. Grantee agrees to indemnify, save and hold Grantor harmless from any loss, claim, damage, demand, suit, or liability from any cause whatsoever arising out of the construction, operation, maintenance or use of Grantee's facilities, excepting therefrom the portion of joint or concurrent negligence or willful misconduct found to have been caused by the act or omission of Grantor, its agents, contractors, representatives, beneficiaries, successors or assigns.

  h. This Easement shall be binding upon the heirs, beneficiaries, executors, administrators, successors, and assigns of the Parties hereto, and all rights herein granted, or any of them separately, may be released or assigned in whole or in part. It is understood that this Easement cannot be amended in any way except by written instrument, signed by the Grantor and duly authorized agent of the Grantee.

27. A true and accurate copy of the Easement Panhandle seeks to acquire is attached hereto and incorporated herein as Exhibit 2.

### IV. COUNT I: CONDEMNATION OF AN EASEMENT INTEREST ON THE PROPERTY BY EMINENT DOMAIN

28. Panhandle incorporates by reference all of the preceding paragraphs.

29. Pursuant to 15 U.S.C. § 717f(h) and the Certificate, Panhandle has the right to acquire the Easement on the Property by eminent domain.

30. Panhandle seeks to exercise its right to acquire the Easement on the Property by eminent domain for the purpose of its continued operation and maintenance of the M&R Station and related facilities on the Property into the future, under the terms set forth above and in Exhibit 2 hereto.

31. Acquisition of the Easement on the Property for the above-stated purpose is necessary to the proper, safe, and efficient operation of Panhandle's pipelines and facilities and the receipt of natural gas from Transwestern and/or its successor(s).

32. Acquisition of the Easement on the Property for the above-stated purpose is consistent with the authority granted to Panhandle by the Certificate and is a purpose for which it was granted.

33. Owner is the only record fee simple owner of the Property and has been properly joined and designated in this action pursuant to Fed. R. Civ. P. 71.1.

34. Panhandle has made offers to acquire the Easement on the Property from Owner, but Owner did not accept those offers.

35. Panhandle and Owner are unable and have failed to agree upon an amount of just compensation for Panhandle's acquisition of the Easement on the Property.

36. Therefore, it is necessary for Panhandle to exercise its right of eminent domain under

15 U.S.C. § 717f(h) to acquire the Easement on the Property.

37. Panhandle has satisfied the procedural requirements of Fed. R. Civ. P. 71.1.

38. Based upon the foregoing and pursuant to the power granted to Panhandle by 15 U.S.C. § 717f(h) and the Certificate, and pursuant to Fed. R. Civ. P. 71.1, Panhandle is hereby exercising its right to acquire the Easement on the Property under the terms set forth above, and in the form of Exhibit 2 hereto, by eminent domain for the purpose of its continued operation and maintenance of the M&R Station and related facilities on the Property into the future.

WHEREFORE, Panhandle respectfully requests that the Court (a) enter an order confirming Panhandle's authority and right to acquire the Easement on the Property under the terms set forth above, and in the form of Exhibit 2 hereto, by eminent domain, and (b) determine the amount of just compensation to be awarded to Owner for Panhandle's acquisition of the Easement by eminent domain.

Respectfully submitted,

*/s/ Jason Goodnight*
Jason Goodnight, TX Bar No. 24068279
jgoodnight@tulsalawyer.com
FRANDEN | FARRIS | QUILLIN
GOODNIGHT + ROBERTS
2 West 2nd Street, Ste. 900
Tulsa, Oklahoma  74103
918/583-7129 (Phone)
918/584-3814 (Fax)