IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| PANHANDLE EASTERN PIPE LINE CO., LP, a Delaware Limited Partnership, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | No. 2:20-CV-221-Z |
| JOCELYN GRAY, *et al.*, | § § § | |
| Defendants, | § | |

**MEMORANDUM OPINION AND ORDER**

Before this Court are Plaintiff's Motion for Summary Judgement, Brief in Support, and Appendix, filed on June 9, 2020. By this motion, Plaintiff moves for summary judgement on its Complaint against all named defendants and for a judgment which (1) confirms Plaintiff's authority to condemn the easement on the Property sought by its Complaint; (2) determines that the amount of just compensation payable for the easement on the Property sought by Plaintiff is $1,080.00, which shall be paid into the Clerk of the Court; and (3) awards Plaintiff an easement on the Property on the terms of the instrument attached to Panhandle's Complaint as Exhibit 2. For the reasons stated below, the Court **GRANTS** Plaintiff's Motion for Summary Judgement in its entirety.

**BACKGROUND**

The facts in this case are undisputed and this Court adopts the facts presented by the Plaintiff in its Brief. Brief at 6-12. Plaintiff is a natural gas company as defined by 15 U.S.C. § 717. Plaintiff is also the holder of a certificate of public convenience and necessity ("Certificate") issued by the Federal Power Commission, now known as the Federal Energy Regulatory Commission.

Plaintiff App'x, Exhibit 1 at 007–008. This certificate not only permits Panhandle — the successor of the original holder of the certificate, Panhandle Eastern Pipeline Company — to own, operate, and maintain a measurement and regulation station on a tract of land in Hansford County, Texas, but declares it a matter of public convenience and necessity. *Id.* at 007, 010–023.

Plaintiff has operated and maintained this station under a lease recorded May 8, 2008. Plaintiff App'x Exhibit 3 at 55–56. This lease has expired. *Id.* Panhandle has since made several attempts to purchase an easement to this property from Defendant Jocelyn Gray ("Gray") but has been unsuccessful. *Id.* Plaintiff commissioned an independent appraiser to value the easement. *Id.* at 7. This appraiser has most recently valued the easement at $1,080.00 as of October 2, 2020. Plaintiff App'x, Exhibit 4 at 64–114.

Defendant Jocelyn Gray is the only current record fee simple owner in the property. Plaintiff App'x, Exhibit 3 at 056. Plaintiff has named other defendants in this suit because of their non-fee interest in the property: Eagle Exploration Co., North Plains Electric Cooperative, Inc., Laredo Petroleum, John Briggs, Southwestern Bell Telephone Company, Transwestern Pipeline Company, Ana-Tok Exploration Co., and Caddis Resources, LLC. *Id.* at 57. Additionally, Plaintiff named the property itself and unknown owners as defendants in this lawsuit as required by Fed. R. Civ. P. 71.1. These parties have been served by publication, effective March 25, 2021. Plaintiff App'x, Exhibit 6 at 122–129.

Each of these parties has been served in an appropriate manner: Gray,[1] Eagle Exploration Co.,[2] North Plains Electric Cooperative, Inc.,[3] Laredo Petroleum,[4] , John Briggs,[5] Southwestern

---

[1] Plaintiff App'x, Exhibit 7 at 131, 133-136
[2] *Id.* at 131, 137-140
[3] *Id.* at 132, 141-144
[4] *Id.* at 132, 145-148
[5] Plaintiff App'x, Exhibit 9 at 155, 157-160

Bell Telephone Company,[6] Transwestern Pipeline Company,[7] Ana-Tok Exploration Co.,[8] Caddis Resources, LLC,[9] and all other Unknown Owners.[10]

All Defendants in this matter have either been defaulted or dismissed. Defendants Gray, Eagle Exploration Co., North Plains Electric Cooperative, Inc., and Laredo Petroleum failed to timely appear and respond to Plaintiff's Complaint and the Clerk entered default on November 16, 2020.[11] John Briggs also failed to timely appear and respond, and the Clerk entered default on December 8, 2020.[12] Caddis Resources, LLC and Unknown Owners — served by publication — both failed to timely appear and respond, and the Clerk entered default.[13]

Southwestern Bell Telephone Company responded in a timely manner but stipulated to its dismissal and was dismissed by the Court.[14] Similarly, Transwestern Pipeline Company stipulated to its dismissal and was dismissed by order of the Court.[15] Ana-Tok Exploration Co. also stipulated to its dismissal and was dismissed by order of the Court.[16]

### LEGAL STANDARDS

Summary judgement is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgement as a matter of law." Fed. R. Civ. P. 56(a). "A fact is material if it might affect the outcome of the suit under the governing law, and a dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). This Court must

---

[6] Plaintiff App'x, Exhibit 11 at 163-168.
[7] Plaintiff App'x, Exhibit 12 at 169-173.
[8] Plaintiff App'x, Exhibit 13 at 174-178.
[9] Plaintiff App'x, Exhibit 6 at 122-129.
[10] *Id.*
[11] Plaintiff App'x, Exhibit 8 at 149-151.
[12] Plaintiff App'x, Exhibit 10 at 161-162.
[13] Plaintiff App'x, Exhibit 14 at 179-180.
[14] Plaintiff App'x, Exhibit 11 at 163-168.
[15] Plaintiff App'x, Exhibit 12 at 169-173.
[16] Plaintiff App'x, Exhibit 13 at 174-178.

view summary judgement evidence in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Ultimately, however, the function of this Court is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 243 (1986).

Plaintiff's claim rests on 15 U.S.C. § 717f(h) — which extends Congress' power of eminent domain to natural gas companies which hold certificates of public convenience and necessity —and Fed. R. Civ. P. 71.1 (formerly 71A) — which governs the application of § 717f(h) eminent domain proceedings in federal court. FED. R. CIV. P. 71.1; *Transcon. Gas Pipe Line Co., LLC v. Permanent Easements for 2.14 Acres & Temp. Easements for 3.59 Acres in Conestoga Twp., Lancaster Cty., Pennsylvania, Tax Parcel No. 1201606900000*, 907 F.3d 725, 738 (3d Cir. 2018).

Section 717f(h) reads:

> When any holder of a certificate of public convenience and necessity cannot acquire by contract, or is unable to agree with the owner of property to the compensation to be paid for, the necessary right-of-way to construct, operate, and maintain a pipe line or pipe lines for the transportation of natural gas, and the necessary land or other property, in addition to right-of-way, for the location of compressor stations, pressure apparatus, or other stations or equipment necessary to the proper operation of such pipe line or pipe lines, it may acquire the same by the exercise of the right of eminent domain in the district court of the United States for the district in which such property may be located, or in the State courts. The practice and procedure in any action or proceeding for that purpose in the district court of the United States shall conform as nearly as may be with the practice and procedure in similar action or proceeding in the courts of the State where the property is situated: Provided, That the United States district courts shall only have jurisdiction of cases when the amount claimed by the owner of the property to be condemned exceeds $3,000.

15 U.S.C. § 717f(h).

ANALYSIS

**A. Jurisdiction**

Before addressing the merits, the Court must review its jurisdiction over this case. Section 717f(h) conditions federal jurisdiction to controversies in which "the amount claimed by the owner of the property to be condemned exceeds $3,000."

In this case, Plaintiff's appraiser most recently valued the easement at $1,080.00 which is less than the jurisdictional threshold. But Plaintiff made two offers — both rejected by Defendant Gray — to purchase the easement for $3,000 and $4,000 respectively. Plaintiff App'x, Exhibit 3 at 056-061. These figures are sufficient for the amount in controversy, but are not, strictly speaking, "the amount claimed by the owner of the property" because, by her default, the owner of the property *has not claimed any amount*.

As this statute is rarely litigated, there is a dearth of cases on point about how a district court should determine the value of the amount claimed by the owner of the property when the owner fails to show up in court. But there is convincing precedent in other circuits that an offer of $3,000 or more to buy which is rejected by the owner is sufficient to establish jurisdiction. *Transcon. Gas*, 907 F.3d at 731 ("Transcontinental extended written offers of compensation exceeding $3000 to each of the Landowners, but these offers were not accepted. Transcontinental thus satisfied the [jurisdictional] requirements.") (footnote omitted). Additionally, it is inequitable for a defendant to defeat federal jurisdiction by refusing to appear or by merely refusing to clarify what the owner believes the property is worth. *ANR Pipeline Co. v. 62.026 Acres of Land*, 389 F.3d 716, 717–18 (7th Cir. 2004).

Because Plaintiff offered the owner of the property at least $3,000 and was rejected, the Court is satisfied of its jurisdiction.

### B. Merits

"When a party does not file an opposition to a motion for summary judgement, the district court is permitted to consider the facts listed in support of the motion as undisputed and grant summary judgement if they show that the movant is entitled to judgement in his favor." *Jegart v. Roman Catholic Church of Diocese of Houma Thibodaux*, 384 F. App'x 398, 400 (5th Cir. 2010). The only consideration before the Court is whether the facts contained in Plaintiff's Brief are sufficient for summary judgement. They are.

When oil and gas corporations seek to condemn land for eminent domain purposes, Section 717f(h) requires the following elements to be proven: (1) the plaintiff has a certificate of public convenience and necessity; (2) the plaintiff has been unable to acquire the land by contract with the defendants. *See Gulf S. Pipeline Co., LP v. TXMQ-0050.00000: 5.26 Acres, More or Less, in The Jose Maria De La Garza Surv., Abstract No. 15, Montgomery Cty.*, 2019 WL 6830834, at *3 (S.D. Tex. Dec. 13, 2019).

Regarding the first element, the analysis is straightforward because Panhandle possesses a certificate of public convenience and necessity. When this certificate is held by an oil and gas corporation, a district court serves merely as enforcement, evaluating the scope of the certificate and ordering condemnation. *Gulf S. Pipeline Co., LP v. Lamb*, 2016 WL 6876662, at *3 (S.D. Tex. Nov. 22, 2016).

Regarding the second element, the undisputed facts show that Plaintiff has been unable to acquire the land by contract. Plaintiff has made numerous attempts to purchase the easement from

Gray. Though both appraisals valued the easement at $1,080, Plaintiff first offered Gray $3,000 for an easement and — when that offer was rejected — $4,000, which was also rejected.[17]

### C. Amount of Just Compensation for the Easement:

Texas state law governs the award of just compensation. *Miss. River Transmission Corp. v. Tabor*, 757 F.2d 662, 665 n.3 (5th Cir. 1985) Again, the facts are undisputed. Plaintiff retained an appraiser who determined the property's best use was for agricultural purposes and determined the fair market value of the easement to be $1,808.00. Plaintiff's App'x, Exhibit 4 at 064, 084-089. This appraisal is 90% of the fee simple value of the property. *Id*. This fair market value was reached by reliable methods, utilizing sales of comparable properties. *State v. Gleannlock Com. Dev., LP*, 585 S.W.3d 509, 525 (Tex.App.—Houston [1st Dist.] 2018, pet. denied). Moreover, Defendants have not submitted any competing evidence. *See United States v. 30.00 Acres of Land*, No. 7:19-CV-00234, 2020 WL 4344549, at *4 (S.D. Tex. June 9, 2020).

The Court finds Gray is entitled just compensation of $1,080.00. Because Gray is the only fee simple holder on record, no other Defendant is entitled to compensation.

#### CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Plaintiff's Motion and:

1. **CONFIRMS** Plaintiff's authority to condemn the easement on the property sought by its complaint;

2. **DETERMINES** the amount of just compensation payable for the easement on the property sought by Plaintiff's complaint is $1,080.00, which shall be paid into the Clerk of the Court; and

3. **AWARDS** Plaintiff an easement on the property on the terms of the instrument attached to Plaintiff's Complaint as Exhibit 2. Plaintiff's App'x, Exhibit 2 at 049-053.

---

[17] The Fifth Circuit, unlike some other circuits, has not created a good-faith requirement, but Plaintiff's offers are evidence of good-faith negotiations.

**SO ORDERED.**

August 26, 2021.

                                                                                                 MATTHEW J. KACSMARYK
                                                                                                 UNITED STATES DISTRICT JUDGE